IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| MICHAEL REYNOLDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 305-081 |
| | ) | |
| J. SIKES, T. GRAMYAC, B. FOUNTAIN, | ) | |
| C. MOODY, GEORGIA DEPARTMENT | ) | |
| OF CORRECTIONS, MEDICAL | ) | |
| COLLEGE OF GEORGIA, UNKNOWN | ) | |
| DOCTORS, and UNKNOWN NURSES | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated at Montgomery State Prison, in Mount Vernon, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. As Plaintiff's complaint was filed *in forma pauperis* ("IFP"), it must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A After a review of Plaintiff's complaint and prior history of case filings, the Court, for the reasons set forth below, **REPORTS** and **RECOMMENDS** that this action be **DISMISSED** without prejudice.

A prisoner proceeding with a civil action in federal court must comply with the

mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). With respect to proceeding IFP, 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.[1]

The Eleventh Circuit concluded that § 1915(g) does not violate an inmate's right to access the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Accordingly, the court upheld the constitutionality of § 1915(g). Rivera v. Allin, 144 F.3d 719, 721-27 (11th Cir. 1998).

To that end, the "Form to Be Used by Prisoners Filing a Complaint under the Civil Rights Act, 42 U.S.C. § 1983 in the United States District Court for the Southern District of Georgia" requires that prisoner plaintiffs disclose whether they have brought other federal lawsuits while incarcerated, whether they were allowed to proceed IFP in any such lawsuits, and whether any such suit was dismissed on the ground that it was frivolous, malicious, or failed to state a claim. (Doc. no. 1, Compl. form, pp. 2-3). Under the question concerning whether a prisoner plaintiff has brought any lawsuits in federal court dealing with facts other than those in this action, the litigant is specifically instructed to describe each such lawsuit,

---

[1] The Eleventh Circuit noted that "[t]his provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998)(internal citations omitted).

2

and if there is more than one such lawsuit, the additional lawsuits must be described on another piece of paper. (Id. at 2).

Under penalty of perjury, Plaintiff failed to disclose any other federal lawsuit that he filed dealing with facts other than those involved in this case. (Doc. no. 1, p. 2). However, the Court is aware of at least two other federal cases that Plaintiff has filed: (1) Reynolds v. Morris, CV 194-941 (N.D. Ga. June 30, 1994); (2) Reynolds v. Holmes, CV 198-107 (M.D. Ga. Feb. 2, 2000).[2] Thus, Plaintiff clearly lied to the Court about his prior filing history.

The Eleventh Circuit has indicated its approval of dismissing a case based on dishonesty in a complaint. In Rivera, the court of appeals reviewed a prisoner plaintiff's filing history for the purpose of determining whether prior cases counted as "strikes" under the PLRA and stated:

> The district court's dismissal without prejudice in Parker is equally, if not more, strike-worthy. In that case, the court found that Rivera had lied under penalty of perjury about the existence of a prior lawsuit, Arocho. As a sanction, the court dismissed the action without prejudice, finding that Rivera "abuse[d] the judicial process[.]"

Rivera, 144 F.3d at 731 (citations omitted).[3]

In sum, Plaintiff has abused the judicial process in this case by providing dishonest

---

[2]This case was dismissed for Plaintiff's failure to prosecute. CV 198-107, doc. no. 8, *adopted by* doc. no. 9 (M.D. Ga. Feb. 17, 2000). It should be noted that filing a case IFP and then failing to prosecute it could be deemed an abuse of the judicial process and therefore "strike-worthy" under § 1915(g) of the PLRA. See, e.g., Murphy v. Collins, 26 F.3d 541, 544 (5th Cir. 1994)(repeated failure to prosecute cases filed in federal court constituted abuse of the judicial process meriting severe sanctions).

[3]The practice of dismissing a case as a sanction for lying in a complaint has also been previously utilized in the Southern District. See Shaw v. Smith, CV 603-066 (S.D. Ga. May 30, 2003).

information about his prior filing history. Therefore, the Court **REPORTS** and **RECOMMENDS** that this action be **DISMISSED** without prejudice as a sanction for Plaintiff's abuse of the judicial process. See Rivera, 144 F.3d at 724 ("To be sure, proceeding IFP in a civil case is a privilege, not a right." Id.).

SO REPORTED and RECOMMENDED this 31st day of October, 2005, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE